## PEOPLE v. NEAL.

1. APPEAL AND ERROR—SUFFICIENCY OF EVIDENCE.

Sufficiency of evidence, in a jury case, is a question for the jury unless there is no evidence at all upon a material point.

2. CRIMINAL LAW—ROBBERY ARMED—EVIDENCE—IDENTITY.

Evidence of identity of defendant presented in prosecution for armed robbery of a gasoline station, *held*, sufficient to sustain verdict where, although the station attendant could not identify defendant, he testified that he was robbed by 2 of 3 men who arrived in an automobile, one of whom emerged from the rear seat, and both defendant and the other participant in the robbery testified that defendant was the sole occupant of the rear seat of the automobile, since such testimony was sufficient to present a jury question as to defendant's participation in the crime (CLS 1961, § 750.529).

3. SAME—STATUTES—MOTIVE OR INTENT—EVIDENCE.

Other or like acts of a criminal defendant which may tend to show his motive, intent, the absence of mistake or accident on his part, or a defendant's scheme, plan, or system in doing an act, may be proved, whether contemporaneous with or prior or subsequent to the act in question, notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant (CL 1948, § 768.27).

4. SAME—EVIDENCE—OTHER CRIMES—ADMISSIONS.

Testimony by a police officer about admission tending to show another crime made to him by defendant charged with robbery

---

REFERENCES FOR POINTS IN HEADNOTES .

[1] 53 Am Jur, Trial § 293.
[2] 46 Am Jur, Robbery §§ 45, 50, 53; 30 Am Jur 2d, Evidence § 1143.
[3-5] 29 Am Jur 2d, Evidence §§ 320-326.

armed is not rendered inadmissible because the admission was made orally and neither written down nor recorded on tape, and the making of the admission is denied by defendant; these circumstances affecting the weight to be given the testimony by the jury (CLS 1961, § 750.529; CL 1948, § 768.27).

5. SAME—EVIDENCE—OTHER CRIMES—ADMISSIONS.

Testimony by police officer that defendant, charged with robbery armed, had admitted orally to him that defendant had helped to "hot-wire" a car which was then stolen and used in commission of the robbery *held*, admissible, where there was no claim that admission was involuntary and the trial judge held a separate hearing out of the presence of the jury to determine its voluntariness, the testimony was material in showing defendant's scheme, plan, or design in committing the robbery, and the trial court instructed the jury that it could consider the testimony only for the bearing it might have on the commission of the robbery charged (CLS 1961, § 750.529; CL 1948, § 768.27).

Appeal from Washtenaw; Ager (William F., Jr.), J. Submitted Division 2 May 5, 1967, at Lansing. (Docket No. 1,387.) Decided December 1, 1967.

Fred Neal was convicted of robbery armed. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Robert B. Creal,* Assistant Prosecuting Attorney, for the people.

*John W. Rae,* for defendant.

LESINSKI, C. J. Defendant appeals from his June 18, 1965, judgment of conviction, pursuant to a jury verdict, of the crime of robbery armed, CLS 1961, § 750.529 (Stat Ann 1965 Cum Supp § 28.797).

On February 19, 1965, defendant requested automobile transportation from Ann Arbor to Ypsilanti

of his friends, Harry Hampton and Claude Hampton. The latter drove the triumvirate to Ypsilanti where the defendant attempted, unsuccessfully, to visit a female acquaintance who was not at home when they arrived.

The trio departed and, at Harry Hampton's mention that he wished to pick up a friend's car at the Ford plant parking lot, proceeded to that destination. A conflict in testimony appears at this point. For the defense, there was testimony that only Harry Hampton went into the lot to get the car. For the people, there was the testimony of Sheriff Harvey that the defendant had orally admitted entering the lot. This admission the defendant denied.

The next decision made by the three was to go to Jackson because Harry Hampton wanted to see his wife. They left Claude Hampton's car and proceeded to the next point on their itinerary in the car which was taken from the Ford plant parking lot. En route, at Harry's suggestion, Claude stopped at a gasoline station for Harry to buy cigarettes. Harry told Claude to have the attendant put a dollar's worth of gasoline in the car at his (Harry's) expense and went into the station.

At this point, the narrative of events again presents a conflict. Harry testified that when the attendant sought payment for the gasoline, that he alone committed the robbery. The attendant testified that, in addition to Harry, of whom he was able to give a complete description, one of the other two men followed him (the attendant) into the station. The attendant was unable to identify the second participant, although at the time of the robbery the station was brightly lit, and he had looked at the second man as he covered 10 or 15 feet approaching the station. The defendant here has pronounced facial scars which would seemingly be conducive to ease of identification.

After the robbery,.the trio left for Jackson where they were apprehended by the local police.

The first issue raised by defendant in both his motion for new trial and on appeal questions the sufficiency of evidence to support the jury verdict— which he contends is contrary to the great weight of evidence.

On this point defendant challenges the adequacy of his identification as a participant in the offense. He also argues that the sheriff's testimony as to defendant's alleged admission that he hot-wired the car in the Ford parking lot had no probative value because it was neither written nor taped—as were statements of both his companions—and that it was admitted over defendant's denial of its making. Without determining the cruciality of the statement to the people's case, it is sufficient to state that if it was admissible, the weight to be given it was within the province of the jury. The fact that it was oral did not affect its admissibility. Although defendant discusses this testimony in both of the issues raised on appeal, we give it only cursory treatment here, as we find that it is more logically a part of the second question, and accordingly we deal with it more comprehensively *infra*.

Further development of the identity issue necessitates our drawing attention to the positions of the occupants of the automobile just preceding the robbery. Both the defendant and Harry Hampton testified that the defendant was the sole occupant of the back seat of the vehicle. The attendant testified that one of the participants in the robbery came from the front seat (Harry Hampton), and the other from the back seat of the car. Hence it is apparent that there was evidence on the question of identity of the second participant introduced at trial. The totality of the evidence described gave rise to a question of fact as to the identity of the

second actor in this criminal drama. "The question of the sufficiency of the evidence is one for the jury unless there is no evidence at all upon a material point." *People* v. *Abernathy* (1931), 253 Mich 583, 587. In the case at bar there was present evidence, albeit circumstantial, which, if believed, would support the jury's determination of defendant's guilt. The verdict was not contrary to the great weight of the evidence.

The second issue on appeal, as previously indicated, relates to the admissibility of the sheriff's testimony wherein he stated that the defendant admitted to hot-wiring the car in the Ford parking lot. Defendant contends that prejudicial error resulted from this testimony which he asserts was irrelevant to the crime charged. There is no claim of involuntariness here, and further, the question of voluntariness was properly determined by the court outside the presence of the jury. The trial court restricted the purpose for which the jury could consider the statement to that of any bearing which it might have on the commission of the armed robbery. Michigan provides by statute that:

"In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant." CL 1948, § 768.27 (Stat Ann 1954 Rev § 28.1050).

The trial court's limiting instruction made its admission proper in conformity with the above-cited

statute and Michigan case law pertinent thereto. See *People* v. *Taranski* (1949), 324 Mich 132. The testimony was admissible as evidence of the defendant's "scheme, plan or system in doing the act."
Affirmed.

QUINN and GILMORE, JJ., concurred.